### 11770.  PALMER, admr., *v.* KNOXVILLE LUMBER & MFG. Co.

STEPHENS, J.   1. Where a written contract for the sale of personalty appears on its face to contain the entire agreement, and there are no circumstances surrounding its execution which would authorize an inference to the contrary, it cannot, in the absence of fraud, accident or mistake, be amplified or added to by a contemporaneous parol agree-

ment between the parties. Civil Code, (1910) § 4268; *Forsyth Mfg. Co.* v. *Castlen*, 112 *Ga.* 199, 210 (37 S. E. 485, 81 Am. St. R. 28); *Case Threshing Machine Co.* v. *Broach*, 137 *Ga.* 602 (73 S. E. 1063).

2. Where a written contract for the sale of goods contains memoranda describing them in detail, and the terms of the sale, with stipulations as to warranties, and also provides that "no verbal agreement with agents will be considered, every agreement must be written hereon," the entire agreement respecting the transaction is contained in the contract. An alleged contemporaneous verbal agreement between the purchaser and an agent of the seller, respecting the subject-matter of the contract, as to installing and setting up on the premises of the purchaser the article sold, even though consistent with the terms of the contract, is no part of the contract, and therefore constitutes no defense to a suit by the seller against the purchaser to recover the purchase-price of the property sold.

3. In a suit upon an open account by a seller of personal property to recover the purchase-price therefor named in a written contract of sale between the plaintiff and the defendant, the price named in the contract is the measure of recovery.

4. A verdict for the plaintiff for the amount sued for being demanded as a matter of law, the alleged errors in the charge of the court are immaterial and need not be considered.

> *Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*
> Decided September 28, 1921.

Complaint; from city court of Camilla — Judge Burson. July 3, 1920.

*J. D. Gardner, M. A. Warren,* for plaintiff in error.

*E. M. Davis,* contra.